UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KRYSTLE FRASIER | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:25-cv-361<br>) |
| TRANSWORLD SYSTEMS, INC. | )<br>) **JURY TRIAL DEMANDED** |
| Defendant, | )<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff Krystle Frasier brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for unlawful, deceptive, and misleading conduct by Defendant in connection with the collection of an alleged consumer debt.

2. Specifically, Plaintiff alleges that Defendant failed to update or correct a previously reported dispute notation after receiving written communication disputing the notation's accuracy, in violation of 15 U.S.C. § 1692e(8).

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

1

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and Defendant regularly conducts business here.

### III. PARTIES

5. Plaintiff Krystle Frasier is a natural person residing on Bramble Ridge Ct, Charlotte, North Carolina 28215, and is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Transworld Systems Inc. is a business entity with its principal place of business upon information and belief located in the United States. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts.

### IV. FACTS OF THE COMPLAINT

7. Defendant attempted to collect an alleged consumer debt from Plaintiff that was incurred primarily for personal, family, or household purposes.

8. On or about March 25, 2025, Plaintiff sent a certified letter (Tracking # 7021 1970 0000 7903 6206) to Defendant disputing the reporting of a dispute notation on her credit report.

9. Despite receiving Plaintiff's letter, Defendant continued to report the tradeline with a dispute notation as of the next credit reporting update on April 1, 2025.

10. Defendant's failure to accurately update or correct the credit reporting constitutes a violation of 15 U.S.C. § 1692e(8).

11. Defendant's inaccurate reporting was misleading and materially impacted Plaintiff's credit profile, causing harm including reputational damage, confusion, and emotional distress.

## V. FIRST CLAIM FOR RELIEF

### *Violations of 15 U.S.C. § 1692e(8) – False or misleading representations*

12. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

13. Defendant violated 15 U.S.C. § 1692e(8) by communicating false credit information, specifically by continuing to report a dispute notation after receiving notice that no dispute existed.

14. Defendant's conduct was false, deceptive, and misleading in connection with the collection of a debt.

15. As a direct result, Plaintiff suffered actual damages and is entitled to statutory damages, attorney's fees, and costs under 15 U.S.C. § 1692k.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

- Judgment for violations of the FDCPA;
- Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- Such other and further relief as the Court may deem just and proper.

This the 29th day of May, 2025.

_____

Marcel A. McCrea,
Esq. Phillips and
McCrea, PLLC

PO Box 30453
Charlotte, NC 28230
T.: 980.225.9072
F: 980.225.9080
marcel@lawpm.com
COUNSEL FOR
PLAINTIFF